NOT FOR PUBLICATION (Doc. No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ROBERT SCHMID and LISA SCHMID, | : : : : | |
| Plaintiffs, | : : | Civil No. 14-7441 (RBK/KMW) |
| v. | : : | **OPINION** |
| CONSOLIDATED RAIL CORPORATION et al., | : : : : | |
| Defendants. | : : | |

This matter comes before the Court on the Motion of Robert Schmid and Lisa Schmid ("Plaintiffs") to Vacate the Court's January 5, 2015, Order dismissing this matter pursuant to Fed. R. Civ. P. 12(h)(3), pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 7.) For the reasons stated herein, Plaintiffs' Motion to Vacate will be **GRANTED**.

**I. BACKGROUND**

On December 1, 2014, Plaintiffs filed this suit against Consolidated Rail Corporation, CSX Transportation, Inc., and Norfolk Southern Railway Company (collectively "Defendants") for injuries sustained when hazardous chemicals spilled as the result of a train derailment in Paulsboro, New Jersey on November 30, 2012. (Original Complaint ("Compl.") (Doc. No. 1) ¶¶ 7-61.)

Plaintiffs did not allege a specific basis for subject-matter jurisdiction in their Original Complaint, but only alleged violations of state law. (See generally id.) After reviewing Plaintiffs' Original Complaint, the Court issued an Order on December 8, 2014, outlining

pleading deficiencies with respect to the citizenship of Defendants and the amount in controversy. (Doc. No. 3.) The Original Complaint did not allege sufficient facts to establish that complete diversity of citizenship existed between the parties or that the amount in controversy exceeded $75,000, in order establish jurisdiction under 28 U.S.C. § 1332. (Id.) Rather than dismiss the Original Complaint outright, the Court's Order of December 8, 2014, specifically identified the pleading deficiencies and directed Plaintiffs to file an Amended Complaint no later than December 18, 2014, or face dismissal of the Complaint for lack of subject-matter jurisdiction. (Id.)

On December 17, 2014, Plaintiffs filed an Amended Complaint, this time alleging that jurisdiction existed based on diversity of citizenship under § 1332. (FAC (Doc. No. 4) ¶ 7.) However, upon review of the Amended Complaint the Court issued another Order on January 5, 2015, this time dismissing the Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), as Plaintiffs had again failed to properly allege the citizenship of each Defendant. (Doc. No. 5.)

On January 8, 2015, Plaintiffs filed the instant Motion to Vacate the Court's January 5, 2015, Order pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 7.)

## II. DISCUSSION AND ANALYSIS

Plaintiffs argue that this Court's Order of Dismissal should be vacated under Federal Rule of Civil Procedure 60(b)(1), because its entry resulted from counsel's mistake, inadvertence, or excusable neglect, Defendants will not suffer any real prejudice, the delay as a result of counsel's mistake or inadvertence is minimal, and counsel did not act in bad faith. Specifically, Plaintiffs claim their counsel intended to change the citizenship allegations in the Original Complaint to comply with the Court's December 8, 2014, Order when the Amended

Complaint was filed, but due to a mistake or inadvertence on behalf of counsel, the relevant paragraphs were not all changed.  (Pls.' Br. at 5-6.)

Rule 60(b)(1) allows a party to seek relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Court finds that such a clerical error falls within the category of "excusable neglect" as set forth in Rule 60(b)(1).

In determining whether an act constitutes "excusable neglect," it is established within the Third Circuit that a court must consider: "(1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceeding; (3) reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith."  See Fisco v. Lamplight Farms, Inc., Civ. No. 11–3855, 2013 WL 6253192, at *1 (D.N.J. Dec. 4, 2013) (quoting Murray v. Walgreen Co., 470 Fed. App'x 97, 98 (3d Cir. 2012)).  However, a Court should not give "any one of these four factors dispositive weight."  DeJesus v. Mohammad, Civ. No. 12–7007, 2013 WL 5963018, at *2 (D.N.J. Nov. 7, 2013) (citing George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156 (3d Cir. 2004).  In weighing these factors, "clients must be held accountable for the acts and omissions of their attorneys."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993)).

The Court finds that the third factor outlined in Fisco weighs against relief, as there is little doubt that the cause for the delay was reasonably within Plaintiffs' control.  As acknowledged by Plaintiffs, counsel was aware of the pleading deficiencies in the Original Complaint and set out to address them in the Amended Complaint.  However, taking into account the other three factors, the Court finds that these weigh in favor of granting Plaintiffs' Motion to Vacate the Order of dismissal under Rule 60(b)(1).

First, there is no prejudice to Defendants since they have not been served; thus there is "no apparent threat of hardship" and "reinstatement of Plaintiff's complaint will not impose any additional discovery-related burden on the opposing party since discovery has not commenced." DeJesus, 2013 WL 5963018, at *3.

Additionally, the Court finds that the length of the delay is insignificant, as Plaintiffs filed their Amended Complaint within the time set out by the Court in its December 8, 2014, Order, and filed the present Motion to Vacate just three days after the Court's January 5, 2015, Order of dismissal.

Lastly, there is no indication that Plaintiffs acted in bad faith. The Third Circuit has found that "a party acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P., 121 Fed. App'x 971, 976 (3d Cir. 2005) (citations omitted). As noted above, Plaintiffs filed their Motion Vacate, within three days of the Court's January 5, 2015, Order. As soon as Plaintiffs recognized their mistake, they sought to correct it, and provided a reasonable explanation for their mistake. The Court finds that this is indicative of good faith.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Vacate will be **GRANTED**. An appropriate Order shall issue today.

Dated:   7/14/2015                                         s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge

4